# THE CITY OF KANKAKEE
## v.
# THE KANKAKEE WATER COMPANY.

*Contracts—Action for Hydrant Rental—Filtering Process—Whether According to Contract.*

City of Kankakee v. Kankakee Water Co.

In an action brought to recover hydrant rental for one quarter where the defense was, as to a part of the claim, that plaintiff had not furnished properly filtered water, in accordance with its contract, for a portion of the period for which rent was claimed, it is *held:* That the evidence failed to show that plaintiff had not complied with the contract.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILSBURY, Judge, presiding.

Mr. W. POTTER, for appellant.

Mr. H. K. WHEELER, for appellee.

LACEY, J.   This was a suit by appellee to recover for one quarter of a year's hydrant rental under a contract with appellant to furnish it water for fire and other city purposes for the use of the inhabitants of the city.   The claim sued on was for the quarter ending October 1, 1889, and was for $1,250.   There was an attempted defense, set up by appellant by the third special plea, to the claim for rental for the month of July, amounting to $416.66⅔, to this effect, that the contract required the appellee to at all times furnish pure water and to at all times maintain such filtering process as shall render the water pure, etc., and that the appellee had not before and during the month of July, put in such, or any, filtering process as would render the water pure, etc., and that the said water was during said month unsuited and unfit for use, etc., and by the 4th plea notice was averred and the plea claimed offset as to all July after the 9th, $295.46.

Finally it was agreed that all special pleas should be withdrawn and the cause heard under general issue.   The cause having been heard by the court without a jury it rendered judgment for the amount of the claim including July.

From this judgment this appeal is taken.   It will not be necessary for us to go over the evidence in detail, and we will therefore only announce our conclusions.   The contract provided "that in case said company neglects or refuses to maintain such filtering process to keep the water pure after

reasonable notice by (appellant), then the said company shall forfeit the hydrant rental prescribed in the ordinance until such filtering processes are provided. Sec. 5 of the ordinance. In our judgment the evidence fails to show that appellant gave the required notice, and to allow thereafter the reasonable time to perfect the filtering process required by the ordinance; but, on the contrary, the appellee did provide the process as soon as it reasonably could, after discovering the defect in the one it had provided, and it did so within one month thereafter. Under all the evidence we think the court below was fully justified in finding that the company did provide a sufficient filtering process in a reasonable time after notice of the defects of the former one, and was justified in rejecting the appellant's claim of rebatement of the rental.

Seeing no error in the record the judgment of the court below is affirmed.

*Judgment affirmed.*